# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CRYSTAL A ANDERSON | CIVIL ACTION NO. 17-01597 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| LA DEPT OF TRANSPORTATION & DEVELOPMENT | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Plaintiff, Crystal A. Anderson, filed this Title VII action against her former employer, the State of Louisiana, Department of Transportation & Development ("DOTD"), alleging hostile work environment and retaliation. DOTD moves to dismiss Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Record Document 4. For the reasons announced below, DOTD's motion is **DENIED**.

## I. Background

Plaintiff began working for DOTD as a member of a bridge crew on September 24, 2012, and was terminated on May 17, 2016. Record Document 1, p. 2. Plaintiff alleges that she was the only female and one of very few African Americans who worked on the DOTD bridge crew in her area. Id. She claims she was subjected to a hostile work environment because of her race and terminated in retaliation for having filed a complaint of racial and gender discrimination. Id. at 1. DOTD filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) that is now before the Court. In its motion, DOTD argues that Plaintiff's suit must be dismissed because it is an arm of the state, and as such, is entitled

to sovereign immunity pursuant to the Eleventh Amendment. Record Document 4.

**II. Standard**

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). If such jurisdiction is lacking, the case is properly dismissed. Home Builders Ass'n of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). As the party asserting jurisdiction, the plaintiff bears the burden of proof that jurisdiction exists. Ramming, 281 F.3d at 161.

**III. Discussion**

Defendant argues that this Court lacks subject matter jurisdiction because it is entitled to sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution, and has not waived that immunity. Record Document 4-1. Plaintiff responds that Congress has abrogated the State's sovereign immunity for suits under Title VII. Record Document 6. She is correct.

> The Eleventh Amendment provides:
>
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

As a general rule, the Eleventh Amendment bars suits within the federal system against States unless the State consents or Congress abrogates the States' Eleventh Amendment immunity. Freimanis v. Sea-Land Serv., Inc., 654 F.2d 1155, 1157 (5th Cir. 1981). The Fifth Circuit has recognized that DOTD, as an arm of the State, may exercise such immunity. See

Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002); Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1025 n.1 (5th Cir. 1991); Lambert v. Kenner City, No. CIV.A. 04-2192, 2005 WL 53307, at *3 (E.D. La. Jan. 5, 2005) (collecting cases). Here, Defendant has not consented to suit. Thus, the issue is whether Congress has abrogated the States' Eleventh Amendment immunity to allow suits under Title VII.

In Ussery v. State of Louisiana on Behalf of Louisiana Department of Health & Hospitals, 150 F.3d 431 (5th Cir. 1998), the Fifth Circuit addressed the very question that is now before the Court. In that case, the Fifth Circuit clearly held that Congress abrogated the States' Eleventh Amendment immunity when it extended Title VII to the States as employers. Ussery, 150 F.3d at 437. The Ussery court explained:

> As the [Supreme] Court recognized in Fitzpatrick [v. Bitzer, 427 U.S. 445 (1976)], Congress made its intent to abrogate the States' Eleventh Amendment immunity unmistakably clear when it amended Title VII's definition of "person" to include governments, governmental agencies, and political subdivisions, 42 U.S.C. § 2000e(a), and simultaneously amended the definition of employee to include individuals "subject to the civil service laws of a State government, government agency, or political subdivision," 42 U.S.C. § 2000e(f). See Fitzpatrick, 427 U.S. at 449 n. 2, 96 S.Ct. at 2668 n.2.

Id. at 435. That State sovereign immunity was abrogated for suits under Title VII is well established. See Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 729 (2003); Raj v. Louisiana State Univ., 714 F.3d 322, 329 n.4 (5th Cir. 2013); Perez, 307 F.3d at 326 n.1; Fields v. Dep't of Pub. Safety, 911 F. Supp. 2d 373, 383 (M.D. La. 2012). Accordingly, Plaintiff's Title VII claims are not barred by sovereign immunity and DOTD's arguments to the contrary are rejected.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss [Record Document 4] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___ day of August, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE